UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD E. BIVINS,

        Plaintiff,

    v.                                                                     26-CV-548-LJV
                                                                                ORDER
ROB SHOTS et al.,

        Defendants.

---

The pro se plaintiff, Ronald E. Bivins, filed this action asserting claims under 42 U.S.C. § 1983.  He alleges that he was falsely arrested and maliciously prosecuted by the City of Niagara Falls Police Department ("NFPD") and one of its officers.  *See* Docket Item 1.  He also says that he was slandered online by a photographer acting in concert with the NFPD officer and that a veterinarian with the Niagara County SPCA euthanized his son's dog.  *Id.*

Bivins paid the filing and administrative fees needed to commence an action in this District, but he also separately moved to proceed in forma pauperis ("IFP")—that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it.  Docket Item 2.  At first glance, Bivins's payment of the required fees might seem to moot his motion to proceed IFP.  But because IFP "status affords the plaintiff other benefits apart from deferring full payment of the filing fee," *Fabrizio v. Annucci*, 2020 WL 13801078, at *1 (N.D.N.Y. Mar. 9, 2020) (alteration, citation, and internal quotation marks omitted), it does not.

The Court therefore will address the merit of Bivins's motion.  And as explained below, because Bivins has not provided enough information for the Court to determine whether he meets the requirements to proceed IFP, his motion is denied without prejudice to his resubmitting a more detailed motion.

## DISCUSSION

"Whether to grant a motion for in forma pauperis status is a matter within the [c]ourt's discretion."  *Davis v. NYS Dep't of Labor*, 2021 WL 9455716, at *1 (W.D.N.Y. June 28, 2021) (citing *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (italics omitted)).  In exercising that discretion, "the district court must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force him to abandon the action."  *See Singer v. Cuscovitch*, 2007 WL 1810085, at *1 (D. Conn. May 14, 2007) (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)).  Accordingly, a district court may deny an application to proceed IFP when the application is incomplete.  *See Basta v. Comm'r of Soc. Sec.*, 2021 WL 1108667, at *1 (E.D.N.Y. Mar. 23, 2021) (denying application to proceed in forma pauperis that was "incomplete and raise[d] more questions than . . . answers").

Here, Bivins's motion does not provide the Court with the information necessary to decide whether proceeding without IFP status "would either hamper [his] ability to obtain the necessities of life or force him to abandon the action."  *See Singer*, 2007 WL 1810085, at *1.  For example, Bivins provides pay stubs for the month of January 2026 and parts of February and March 2026, *see* Docket Item 2 at 3-6, but he does not

2

provide his gross monthly wages, *id.* at 1.  Likewise, while he says that child support is taken out of his wages, *id.* at 3, Bivins does not say how much he pays in child support each month, *see generally id.* at 1-2.  What is more, he also says that he has no dependents.  *Id.* at 2.

Based on the information currently before the Court, Bivins's IFP motion "raises more questions than it answers."  *Basta*, 2021 WL 1108667, at *1.  It is therefore denied without prejudice.  If Bivins still wishes to proceed IFP, he may file a renewed motion that provides more information.

Because Bivins has paid the filing fee for this action but the Court has denied his motion to proceed IFP, he now is responsible for serving the summons and complaint on the defendants.  *See* Fed. R. Civ. P. 4(d), (e), and (m).  Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P. 4(c)(3).  Bivins may therefore request service by the United States Marshals Service ("Marshals Service") **within 30 days of the date of this order**.[1]  If he does not do so, the Clerk of the Court shall issue summonses for each named defendant and forward them to Bivins, who will be personally responsible for effecting service **within 90 days of their issuance**.

---

[1] Although Bivins has filed a motion requesting an "expedited ruling on [his] pending" motion for service by the Marshals Service, Docket Item 3, the docket shows that no such motion has been filed.  To the extent that Bivins's motion for an expedited ruling requests such a ruling on his IFP application, that motion is denied without prejudice as moot.

**<u>ORDER</u>**

Based on the above, IT IS HEREBY

ORDERED that Bivins's motion to proceed in forma pauperis, Docket Item 2, is DENIED without prejudice; and it is further

ORDERED that Bivins's motion to expedite, Docket Item 3, is DENIED without prejudice as moot; and it is further

ORDERED that the Clerk of the Court shall send to Bivins a copy of this order, a copy of the original complaint, and the notice regarding service of summons and complaint with attached request for service by the Marshals Service; and it is further

ORDERED that if Bivins does not file a request for service of the summons and complaint by the Marshals Service **within 30 days of the date of this order**, the Clerk of the Court shall issue summonses for each named defendant and forward them to Bivins, who shall be responsible for effecting service of process on the defendants **within 90 days of their issuance**; and it is further

ORDERED that Bivins shall notify the Court in writing if his address changes. The Court may dismiss the action if he fails to do so.

SO ORDERED.

Dated:   August 11, 2026
         Buffalo, New York

 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

4